A man, in consideration that I.S. would marry his daughter, promised him £ 1400 after the marriage, upon request. The plaintiff in an action brought on the promise alleged a request, without any notice of the marriage.
Noy argued that notice of the marriage ought to be alleged. He took the distinction where an act is done by a stranger, there the plaintiff ought to take notice as well as the defendant. But it is otherwise where one may take notice, and not the other. This distinction is elucidated in 8 E., 4, 1. And he said, if one bargains and sells a reversion, the bargainee shall have the rent without attornment, or notice; but it is otherwise of a poenalty [penalty], of which there ought to be notice, as appears 5 Rep.Mallorie's case; 8 Rep., 90, Francis' case. It was adjudged in the case ofStephen Gurney that when a lease for years was made to I. S. rendering rent, and a future lease for years made to I.D. to commence at the expiration, forfeiture, or surrender of the first lease, and I.S. surrender to the lessor, I.D., if he has no notice of this surrender, shall not forfeit his lease for nonpayment of rent.
If one contracts with I.S. that if he goes to Rome and returns safe, he will pay him £ 20 two months after his return, then I.S. ought to give notice. Otherwise, a great inconvenience would ensue. For he might return in some port in this country and conceal himself, so that the other could not take notice of his return.
JONES, J., agreed on the main question. But he said that in this case the plea is that the party fuit ad hoc requisitus, and the request implies *Page 642 
notice of the marriage, because he demands the money on account of the marriage.
And the court agreed that the request was a sufficient notice, andadjournatur. Postea, 696; Poph., 164; 3 Cr., 90; Roll., 461 and 468.